IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

PLEXUS CORP.,

    Plaintiff,

vs.                                           Case No. 23-cv-98

JEFFREY T. HAUG,

    Defendant.

## DEFENDANT'S ANSWER, COUNTER-CLAIM AND AFFIRMATIVE DEFENSES

Defendant, Jeffrey T. Haug ("Defendant or Haug"), through his attorneys, Hawks Quindel, S.C., by Aaron N. Halstead and Connor J. Clegg, hereby files the following Answer, Counter-Claim and Affirmative Defenses in response to the Plaintiff's Complaint.

## NATURE OF THE LAWSUIT

1. This is a breach of contract case between Plexus and its former employee, Haug. Plexus provided Haug the opportunity to temporarily relocate from Wisconsin to Malaysia to manage Plexus' operations there. Plexus gave several, significant incentives to Haug as part of this temporary assignment. To protect its investment in Haug, Plexus negotiated for its contract to include the requirement that Haug reimburse Plexus for relocation expenses if Haug decided

to voluntary terminate his employment with Plexus within two years of returning from his temporary assignment. Haug terminated his employment with Plexus within one year of returning from Malaysia. As such, he must now reimburse Plexus for its significant investment in him, yet he refuses to do so. Plexus brings this action to enforce the parties' contract and recoup its money.

**ANSWER: Haug admits that this is a breach of contract lawsuit filed against him by his former employer. Haug denies the balance of the allegations contained in paragraph 1 of the Complaint to the extent not admitted in response to paragraphs 2, et seq., of the Complaint.**

## THE PARTIES

2. Plexus is a Wisconsin corporation with its principal place of business located at 1 Plexus Way, Neenah, Wisconsin 54956-3045.

**ANSWER: Haug admits this allegation.**

3. Upon information and belief, Haug is an adult resident of the State of Massachusetts, residing at 479 Main Street, Norwell, Massachusetts 02061-2110.

**ANSWER: Haug admits and, further, affirmatively alleges that he is a "citizen" of the state of Massachusetts within the meaning of 28 U.S.C. sec. 1332.**

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over this case pursuant to Wisconsin Statute §801.05(3), because the case concerns contracts entered into by Haug and Plexus in Wisconsin.

**ANSWER: Haug denies this allegation, but affirmatively alleges that said allegation is immaterial given his removal of this action to federal court.**

5. This Court also has personal jurisdiction over this case pursuant to Wisconsin Statute§ 801.05(5) because Haug entered into contracts with Plexus whereby Plexus would make payments and perform services, within the State of Wisconsin, on Haug's behalf and for which Haug agreed to repay Plexus if certain conditions were met.

**ANSWER: Haug denies this allegation, but affirmatively alleges that said allegation is immaterial given his removal of this action to federal court.**

6. Venue is proper in this Court pursuant to Wisconsin Statute § 801.50 because Winnebago County is where the subject contract was executed.

**ANSWER: Haug denies this allegation, but affirmatively alleges that said allegation is immaterial given his removal of this action to federal court.**

## FACTUAL BACKGROUND

7. Plexus has been based in Neenah, Wisconsin since 1979. Plexus specializes in manufacturing electronic assemblies and assisting customers in engineering electronic assemblies for manufacture, among other things.

**ANSWER:** Haug admits this allegation.

8. From March 15, 2015, until November 28, 2021, Haug served as the Vice President of Global Engineering Operations for Plexus.

**ANSWER:** Haug admits this allegation.

9. In March of 2020, Plexus offered Haug the opportunity to temporarily assign and relocate from Winneconne, Wisconsin to Penang, Malaysia to serve as Plexus' General Manager.

**ANSWER:** Haug admits that Plexus offered to assign and relocate him to serve as the General Manager of Plexus' Hillside manufacturing location in Penang and affirmatively alleges that, thereafter, Haug spent approximately four months preparing to discharge his GM duties at the Hillside location but that, nearly immediately upon his arrival in Penang, Plexus unilaterally re-assigned him to its Riverside East manufacturing location, for which he had made no preparations prior to said re-assignment. *See also,* Haug's Counter-Claim, *infra.*

10. Along with this opportunity, Plexus offered Haug a variety of benefits including paying various relocation costs and even payments for Haug to meet tax obligations created by the additional benefits he received from Plexus as part of the assignment.

**ANSWER:** Haug denies these allegations.

11. The components of Haug's temporary assignment, including the various costs and benefits that Plexus would pay for, were memorialized in an Assignment Letter, signed by both parties on or about March 12, 2020.

**ANSWER: Haug admits the parties entered into an Assignment Letter on March 12, 2020, which was subject to the terms stated therein, including a five-page "Appendix A." Haug affirmatively alleges that said agreement speaks for itself, and denies any allegations or inferences therefrom inconsistent with that document.**

12. The Assignment Letter included a provision providing that, "The assignment costs (including tax gross ups) paid by Plexus on [Haug's] behalf will be subject to a 24-month Repayment agreement."

**ANSWER: For his answer to paragraph 12 of the Complaint, Haug incorporates by reference the admissions and denials set forth in response to paragraph 11, *supra*.**

13. On April 7, 2020, Haug executed a Relocation/Temporary Assignment Repayment Agreement.

**ANSWER: Haug admits this allegation.**

14. The Repayment Agreement provided in relevant part that Haug would repay all of the relocation expenses incurred by Plexus if Haug voluntarily terminated his employment with Plexus within twelve (12) months of returning from the temporary assignment.

5

ANSWER: Haug admits the parties entered into the April 7, 2020 agreement, which was subject to the terms stated therein, and which incorporated by reference a Company Relocation Policy. Haug affirmatively alleges that said agreement speaks for itself, and denies any allegations or inferences therefrom inconsistent with that document.

16. Haug's reassignment and new position took effect on or about July 26, 2020.

ANSWER: Haug admits that he arrived in Malaysia on or about July 26, 2020 and began working in Malaysia about 14 days thereafter following the required Covid quarantine period. Haug affirmatively alleges that he had done substantial preparatory work for the overseas assignment while still residing in the United States and denies allegations inconsistent with the foregoing admissions and affirmative allegations.

16. Plexus paid all of the relocation and assignment related expenses agreed to in the parties' March 12, 2020 Assignment Letter.

ANSWER: Haug admits this allegation.

17. Haug was aware that Plexus paid the expenses and costs outlined in the Assignment Letter and Haug benefited from those payments.

ANSWER: Haug admits that Plexus paid said expenses and costs, but denies the balance of the allegations set forth in paragraph 17.

18. Due to Haug's request, he was transferred back from Penang to Wisconsin as of November 28, 2021.

**ANSWER: Haug admits this allegation.**

19. Plexus granted Haug's request and allowed him to transfer back and continue his employment with Plexus in Wisconsin.

**ANSWER: Haug admits that Plexus allowed him to return to his position of employment in Wisconsin, but affirmatively alleges that it did not do so until approximately six months after he requested such return.**

20. Then, on July 22, 2022, Haug informed Plexus that he was voluntarily resigning from his employment with Plexus, effective July 25, 2022.

**ANSWER: Haug admits this allegation.**

21. Haug's resignation from Plexus took place within twelve (12) months of returning from his voluntary assignment.

**ANSWER: Haug admits this allegation.**

22. As a result of Haug's resignation from Plexus-within twelve (12) months of his return to Wisconsin-Haug must reimburse Plexus for all of the relocation expenses which were paid by Plexus.

**ANSWER: Haug denies this allegation.**

23. Plexus requested that Haug comply with his agreements with Plexus and pay back these costs and expenses, but Haug has not repaid Plexus.

ANSWER: Haug admits that he has not paid Plexus any costs or expenses associated with his overseas employment, and denies that he is obligated to do so under the legal or equitable considerations arising from other facts, which facts the Complaint omits, as well as under the facts on which his Counter-Claim and Affirmative Defenses, *infra*, are based.

## Count I - Breach of Contract

24. Plexus realleges and incorporates the allegations above as if fully stated herein.

ANSWER: In responding to paragraph 24 of the Complaint, Haug incorporates by reference his answers to paragraphs 1-23 of the Complaint, *supra.*

25. Plexus and Haug are parties to the binding contracts related to Haug's temporary assignment.

ANSWER: Haug admits that he and Plexus are parties to certain contracts related to Haug's temporary assignment, but denies that all obligations described therein are binding on him, for the reasons stated in his response to paragraph 23 of the Complaint and the Affirmative Defenses he alleges, *infra.*

26. The agreements required that each party act with good faith towards the other party and deal fairly with that party when performing its terms.

ANSWER: Haug admits this allegation.

27. Plexus paid Haug's relocation expenses, pursuant to the parties' agreements.

ANSWER: Haug admits this allegation.

28. Within twelve (12) months of returning from his temporary assignment in Malaysia, Haug voluntarily terminated his employment with Plexus.

ANSWER: Haug admits this allegation.

29. As a result of his resignation from Plexus, the parties' agreements require Haug to reimburse Plexus for all of the relocation expenses Plexus incurred.

ANSWER: Haug denies this allegation.

30. Haug has failed to reimburse Plexus for these amounts.

ANSWER: Haug admits that he has not reimbursed Plexus, but denies that he is legally or equitably required to do so.

31. As a result, Haug is in breach of his agreements with Plexus.

ANSWER: Haug denies this allegation.

## COUNT II *(In the Alternative)*
## Unjust Enrichment

32. Plexus realleges and incorporates the allegations above as if fully stated herein.

ANSWER: In responding to paragraph 32 of the Complaint, Haug incorporates by reference his answers to paragraphs 1-31 of the Complaint, *supra.*

33. Plexus conferred a benefit upon Haug by paying agreed upon relocation expenses as a result of his reassignment and relocation to Penang.

ANSWER: Haug denies this allegation.

9

34. Haug received and appreciated the benefit of those reimbursed expenses.

**ANSWER: Haug denies this allegation.**

35. Haug understood that he would be required to repay Plexus for those expenses should he terminate his employment within twelve (12) months of returning to Wisconsin.

**ANSWER: Haug denies this allegation.**

36. Haug voluntarily terminated employment with Plexus within twelve (12) months of returning from Penang.

**ANSWER: Haug admits this allegation.**

37. Haug failed to reimburse Plexus for the expenses paid by Plexus.

**ANSWER: Haug admits that he has not reimbursed Plexus, but denies that he is legally or equitably required to do so.**

38. Upon information and belief, Haug had knowledge and engaged in the conduct described herein and therefore retained the benefits conferred by Plexus under circumstances that make it inequitable for him to retain those benefits without reimbursing Plexus.

**ANSWER: Haug denies this allegation.**

39. In direct result of Haug's enrichment and improper conduct, Plexus sustained damages, which are not limited to pre- and post-judgment interest, costs, and attorney fees.

**ANSWER: Haug denies this allegation.**

## COUNTER-CLAIM AGAINST PLAINTIFF PLEXUS CORPORATION: BREACH OF CONTRACT

1. On May 14, 2020, following Haug's execution of the April 7, 2020 document Plexus references in paragraph 13 of the Complaint, Plexus sent Haug a document entitled "Employment Contract," which it required him to sign in order to perform services for Plexus in Malaysia.

2. In that document, Plexus promised Haug that his assignment would be the General Manager at Plexus' "Hillside" campus in Penang, Malaysia, along with various other promises it made to him in that contract.

3. In reliance on those promises, Haug signed the Employment Contract, on May 18, 2020.

4. Almost immediately upon Haug's arrival in Malaysia, Plexus instead assigned Haug to its "Riverside East" campus, committing a material breach of the Employment Contract.

5. The Riverside East campus was a much less desirable location/assignment, including but not limited to because it required Haug to manage approximately five times the number of employees, and serve approximately three times the number of customers, than would have been the case at the Hillside campus, because it posed significant quality and execution challenges for Haug as compared with the Hillside campus, and because it required Haug to face substantial employee morale issues as a result of Plexus's dismissal of the previous GM of the Riverside East campus.

6. Further, in the Employment Contract, Plexus reserved to itself the right to unilaterally modify any and all terms stated therein, stating: "As the Company periodically reviews its term and conditions of service, it shall exercise sole discretion and right, to after or amend any of the terms from time to time."

7. The foregoing clause of the Employment Contract, which Plexus drafted and required Haug to sign, was illusory in that it reserved to Plexus the right to change any of the contract's terms, at any time, in its sole discretion.

8. In these and other ways, Plexus materially breached its Employment Contract with Haug, which was an integral part of the agreements to which Plexus refers in its Complaint, including at paragraphs 11-24 of that Complaint.

## AFFIRMATIVE DEFENSES

Defendant, Jeffrey T. Haug sets forth the following affirmative defenses:

A. Waiver or estoppel;

B. Frustration of Purpose;

C. Unclean hands; and

D. Unconscionability.

WHEREFORE, Haug requests that the Court declare the agreements on which Plexus bases its claims against him in the above-captioned action to be null and void for the reasons stated above, that it dismiss the Complaint in its entirety with prejudice, that it grant him judgment against Plexus for its breach of the Employment Agreement, that it award him his attorney's fees and costs of this action, and that it grant him all other legal and equitable relief to which the Court finds him entitled.

Dated this 31st day of January, 2023.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Defendant, Jeffrey T. Haug*

        By: *electronically signed by Aaron N. Halstead*
        Aaron N. Halstead
        State Bar No. 1001507
        Email: ahalstead@hq-law.com
        Connor J. Clegg
        State Bar No. 1118534
        Email: cclegg@hq-law.com
        409 East Main Street
        Madison, Wisconsin 53703
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236